UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISMAHAN ISMAIL,<br><br>                   Plaintiff,<br>    v.<br><br>AMAZON.COM,<br><br>                   Defendant. | CASE NO. C16-1682JLR<br><br>ORDER ON MOTION FOR BILL OF COSTS |

## I. INTRODUCTION

Before the court is Defendant Amazon.com's ("Amazon") motion for bill of costs. (Mot. (Dkt. # 51).) Plaintiff Ismahan Ismail did not respond to the motion. (*See* Dkt.) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court denies the motion for the reasons set forth below.

//

//

ORDER - 1

## II. BACKGROUND

This case arose from Ms. Ismail's employment at Amazon's Global Security Command Center in Phoenix, Arizona. (Am. Compl. (Dkt. # 22) ¶¶ 4.1-4.2.) Ms. Ismail filed suit on October 28, 2016 (*see* IFP Mot. (Dkt. # 1)) and alleged claims under (1) Title VII of the Civil Rights Act of 1964 for disparate treatment based on her race and religion, for a hostile work environment based on her religion, and for retaliation; (2) 42 U.S.C. § 1981 based on racial discrimination and retaliation; and (3) the Arizona Civil Rights Act ("ACRA"), Ariz. Rev. Stat. § 41-1461, *et seq.*, based on racial and religious discrimination and retaliation. (*See* Am. Compl. ¶¶ 5.1-5.15.) The court permitted Ms. Ismail to proceed *in forma pauperis* ("IFP"). (*See* 10/31/16 Order (Dkt. # 2).)

On June 5, 2018, the court granted Amazon's motion for summary judgment and dismissed Ms. Ismail's claims with prejudice. (6/5/18 Order (Dkt. # 47).) The next day, Amazon moved for a bill of costs in the amount of $4,015.82. (*See* Mot.) That motion is now before the court.

## III. ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) states that costs "should be allowed to the prevailing party" unless a statute, other rule of civil procedure, or a court order states otherwise. Fed. R. Civ. P. 54(d)(1). The rule "establishes a rebuttable presumption that the prevailing party will be awarded its taxable costs," but "also vests discretion in the district court to refuse to do so." *Ofeldt v. Nevada*, No. 3:10-cv-00420-LRH-VPC, 2010 WL 4607016, at *2 (D. Nev. Nov. 5, 2010) (citing *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)). The court may deny costs

because of "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). All five factors need not weigh against imposing costs for the court to deny a motion. *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). "[T]he losing party [must] demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). If the court denies costs, it must "give reasons" for that decision. *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593.

Although Ms. Ismail has not responded to the motion, the court finds it appropriate to consider the factors articulated in *Escriba v. Foster Poultry Farms, Inc*. 743 F.3d at 1247-48, because Ms. Ismail raised her indigency earlier in the case (*see generally* IFP Mot.; Mot. to Appoint (Dkt. # 12)). In Ms. Ismail's IFP motion, she indicated that she had not been employed since May 9, 2015, and that when she was employed, she had a net monthly salary of $750.00. (*See* IFP Mot. at 1.) She further stated that she had negative funds in her bank accounts and had become homeless. (*Id.* at 2-3.) Court-appointed counsel also represented Ms. Ismail because she had no means to hire an attorney. (*See* Mot. to Appoint at 1.) Thus, Ms. Ismail has no means of paying the costs Amazon requests. *Cf. Stanley*, 178 F.3d at 1080 (stating that a court may properly deny costs when a plaintiff "would be rendered indigent should she be forced to pay" costs). In addition, there is a vast financial disparity between the parties: Ms. Ismail has been unemployed for over three years, whereas Amazon is a financially

successful corporation.  (*Compare* IFP Mot. at 1-3, *with* 2d Answer (Dkt. # 23) ¶ 2.2 (stating that Amazon's affiliated companies employ over 200,000 people worldwide and that Amazon is one of the top 100 revenue-generating companies in the world)); *see also Escriba*, 743 F.3d at 1249 (stating that the district court did not err in denying costs based in part on the economic disparity between the parties).  Furthermore, requiring an indigent plaintiff to pay thousands of dollars in costs could chill future employment actions based on alleged racial and religious discrimination—actions which are important to the public interest.  *Id.* ("[E]ven modest costs can discourage potential plaintiffs . . . who earn low wages."); *cf. Draper*, 836 F.3d at 1088 (stating that "[i]ndividual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners" and holding that the district court abused its discretion in taxing costs of $3,018.35 against the prisoner plaintiff).  Although the case did not necessarily involve difficult questions, the other factors favor Ms. Ismail.  *Cf. Draper*, 836 F.3d at 1087 (stating that IFP status alone does not exempt a plaintiff from paying costs and should be considered "in the context of the record as a whole").  Therefore, the court denies Amazon's motion for costs.

//

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Amazon's motion for bill of costs (Dkt. # 51).

Dated this 27th day of June, 2018.

                                          *[signature]*
                                          JAMES L. ROBART
                                          United States District Judge