UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISMAHAN ISMAIL,<br><br>                      Plaintiff,<br>     v.<br><br>AMAZON.COM,<br><br>                      Defendant. | CASE NO. C16-1682JLR<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION |

## I. INTRODUCTION

Before the court is Plaintiff Ismahan Ismail's motion for reconsideration of the court's June 5, 2018, order granting Defendant Amazon.com's ("Amazon") motion for summary judgment. (MFR (Dkt. # 54); *see also* 6/5/18 Order (Dkt. # 47); Judgment (Dkt. # 49).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Ms. Ismail's motion for the reasons set forth below.

//

ORDER - 1

## II. BACKGROUND

This case arose from Ms. Ismail's employment at Amazon's Global Security Command Center in Phoenix, Arizona. (Am. Compl. (Dkt. # 22) ¶¶ 4.1-4.2.) Ms. Ismail filed suit on October 28, 2016 (*see* IFP Mot. (Dkt. # 1)), and alleged claims under (1) Title VII of the Civil Rights Act of 1964 for disparate treatment based on her race and religion, for a hostile work environment based on her religion, and for retaliation; (2) 42 U.S.C. § 1981 based on racial discrimination and retaliation; and (3) the Arizona Civil Rights Act ("ACRA"), Ariz. Rev. Stat. § 41-1461, *et seq*., based on racial and religious discrimination and retaliation (*see* Am. Compl. ¶¶ 5.1-5.15). The court permitted Ms. Ismail to proceed *in forma pauperis* ("IFP"). (*See* 10/31/16 Order (Dkt. # 2).)

On January 12, 2017, Ms. Ismail moved for the appointment of counsel (MTA (Dkt. # 12)), and per the Western District of Washington's Pro Bono Screening Committee's recommendation, the court subsequently appointed counsel—Timothy Feulner—on March 23, 2017 (3/23/17 Order (Dkt. # 15); *see also* 2/23/17 Order (Dkt. # 14)). Mr. Feulner represented Ms. Ismail from that date until the court granted Amazon's motion for summary judgment. (*See* Dkt.; Withdrawal (Dkt. # 50).)

On June 5, 2018, the court granted Amazon's motion for summary judgment and dismissed Ms. Ismail's claims with prejudice. (*See* 6/5/18 Order.) As to Ms. Ismail's disparate treatment claim, the court concluded that under the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Ms. Ismail failed to demonstrate a prima facie case of disparate treatment and that even if she had, Amazon had legitimate, nondiscriminatory reasons for its employment actions, which Ms. Ismail

could not show were merely pretext for discrimination. (*See id.* at 33-40.) The court concluded that Amazon was also entitled to summary judgment on the retaliation claim because although Ms. Ismail had demonstrated a prima facie case, Amazon had legitimate, nondiscriminatory reasons for its actions that were not merely pretextual. (*Id.* at 45-47.) Finally, the court granted summary judgment on Ms. Ismail's hostile work environment claim because the conduct underlying Ms. Ismail's claim was not sufficiently severe or pervasive.[1] (*Id.* at 49-52.)

On July 4, 2018, Ms. Ismail moved for reconsideration of the court's order. (*See* MFR.) The gist of her motion is that she is unhappy with Mr. Feulner's representation. (*See id.* at 1.) She contends that Mr. Feulner did not gather certain witness statements, threatened to stop representing Ms. Ismail, requested that Ms. Ismail communicate with him via email rather than by phone or in person, and did not communicate Ms. Ismail's final settlement offer to Amazon. (*Id.*) She therefore asks the court to reconsider its summary judgment ruling to allow her case to be heard "before completely dismissing it." (*Id.*) The court now addresses Ms. Ismail's motion.

### III.   ANALYSIS

Pursuant to Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and the court will ordinarily deny such motions unless the moving party shows (a)

---

[1] Ms. Ismail had conceded that her claims for racial discrimination under Title VII and Section 1981 should be dismissed. (*Id.* at 25-26.) Based on that concession, the court also dismissed Ms. Ismail's claims under ACRA. (*See id.*) Finally, the court concluded that Ms. Ismail had improperly raised a failure to accommodate theory for the first time in response to the motion. (*Id.* at 26-27.)

manifest error in the prior ruling, or (b) new facts or legal authority that could not have been brought to the court's attention earlier through reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (stating that "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law"). Furthermore, a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." Local Rules W.D. Wash. LCR 7(h)(2) ("Failure to comply with this subsection may be grounds for denial of the motion.").

Ms. Ismail does not meet those requirements. First, she brings her motion nearly a month after the order at issue, and as such, the motion is untimely. (*Compare* MFR at 1 (filed on July 4, 2018)), *with* 6/5/18 Order); *see also* Local Rules W.D. Wash. LCR 7(h)(2). Second, Ms. Ismail has not shown manifest error in the court's prior ruling or any new facts or legal authority that she could not have brought to the court's attention earlier though reasonable diligence. *See* Local Rules W.D. Wash. LCR 7(h)(1). By arguing that her counsel inadequately represented her, Ms. Ismail apparently relies on that "new fact" as the basis for her motion. (*See* MFR at 1.) But she does not explain why she could not have raised her dissatisfaction with Mr. Feulner's performance earlier or why such dissatisfaction would warrant a different outcome on Amazon's summary judgment motion. (*See id.*) Indeed, dissatisfaction with counsel does not provide a basis for reconsideration of the summary judgment motion. *Cf. Jackson v. Ylst*, 921 F.2d 882,

888 (9th Cir. 1990) (stating that in a criminal case—in which a defendant has a right to court-appointed counsel—"there is no automatic right to a substitution of counsel simply because the defendant informs the trial court that he is dissatisfied with appointed counsel's performance"); *Terry v. Haw. Air Nat'l Guard*, No. 13-00295-LEK-RLP, 2013 WL 3354562, at *2 (D. Haw. July 3, 2013) ("[T]he appointment of counsel in employment discrimination cases is discretionary, and there is no constitutional right to counsel."). Because Ms. Ismail's motion is untimely and fails to articulate a proper basis for reconsideration, the court denies the motion.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Ismail's motion for reconsideration (Dkt. # 54).

Dated this 5th day of July, 2018.

JAMES L. ROBART
United States District Judge